EX PARTE PROVIDENCIA PLANIS, Petitioner and Appellant, *v.* PEOPLE OF PUERTO RICO, Respondent and Appellee; PEDRO JOSÉ, ROSA LAURA, AND MARÍA ISABEL BOADA OSORIO, ETC., Interveners.

No. 5553. Argued June 25, 1931—Decided July 22, 1931.

*Antonio L. López* for appellant. *González Fagundo & González Jr.* for interveners.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 31st of December, 1929, Román Boada died in Caguas. On the 20th of August, 1930, in the District Court of Humacao a petition was filed by Providencia Planis al-leging the death of Román Boada, accompanied with a writ-ing which it was alleged was the holographic will of the said Román Boada, and in said petition it was maintained

that the alleged testator left all of his property to her; that the said Román Boada had no ascendants or descendants. The court was asked to order the protocolization of the said writing. The court found that at the death of Román Boada a notary was present who made an affidavit in this proceeding, and at the request of the petitioner the said notary kept the paper writing in his custody; that the said paper writing was typewritten; that the deceased, Román Boada did not know how to write; that he did not have in his establishment either pen or typewriter; that the said will was typewritten by the said notary and signed by the alleged testator.

As the court below pointed out, there are various ways of making a will, each having different legal requirements.

The requirements for a holographic testament which the paper writing in question purported to be are set out in section 696 of the Civil Code.

"Holographic wills may be executed only by persons of full age.

"In order that such will be valid, it shall be written in its entirety and signed by the testator, who shall state the year, month and day in which it is executed.

"If it contains words erased, corrected or interlined, the testator shall make a note thereof under his signature."

Thus it will be seen that a holographic will in Puerto Rico, while it needs no witnesses, must be written entirely by the person who purports to make a will.

The offered paper writing was neither written in the hand of the testator nor was it even typewritten by him. In no sense did it purport to be an open or a closed will. The notary who wrote it was not acting in his capacity as such notary, but merely trying to help the alleged testator write a holographic will.

The form of wills is a solemn matter created by statute. Without following the form of the statute there is no will. As pointed out long ago by Mr. Thayer, the formalities for a will are not mere matters of evidence, but substantive re-

quirements. If these requirements are not followed, no will exists.

If this testator had desired to make an open will he could have gone before the notary and expressed his intention before witnesses in the form required by the law. If the alleged testator had desired to make a closed will he could have had the paper writing made in the form as actually executed, but then the other formalities of carrying a closed will to a notary and having it witnesses would have had to be followed. None of these things did Román Boada do. He attempted to make a holographic will without writing it in his own hand as required by law. Other considerations in this regard may be found in the opinion of the court below.

The appellant presents a number of arguments to the effect that the intention of a person ought to prevail, if such intention could be reasonably induced from the paper writing actually executed; that the courts of Spain and other places in construing wills have permitted variations from the strict form of the letter of the code. Appellant also cites from Canada wherein a writing entirely typewritten was held to be in force by the court as a will, although the statute required that it should be in the handwriting of the testator. We are not aware of the practice of the courts in Canada and in any event we feel bound by the expressed provisions of the law in Puerto Rico. It is even possible that in the Canadian case it was shown that the paper was entirely typewritten by the testator himself. One of the theories of the law in requiring the testator to write it out himself and to even note the corrections in his own handwriting, is to prevent frauds. We are presented with a case of *lex scripta* and we find no reason or excuse to vary from it.

The judgment appealed from must be affirmed.